UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
(COVINGTON)

*ELECTRONICALLY FILED*

| | |
|---|---|
| CHANELL WILLIAMS | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:24-cv-00047 |
| | ) |
| v. | ) Judge Danny C. Reeves |
| | ) |
| ALCLEAR LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

# DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Alclear LLC ("Defendant"), by and through counsel, and for its Answer to Plaintiff's Complaint states the following:

## INTRODUCTION

1. Defendant denies the allegations in paragraph 1 of the Complaint.

## PARTIES

2. Defendant denies the first sentence of paragraph 2 of the Complaint for lack of knowledge or information sufficient to form a belief as to its truth. Defendant denies the remaining allegations in paragraph 2 of the Complaint.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendant admits that this Court has jurisdiction but denies the remaining allegations in paragraph 4 of the Complaint.

5. Defendant admits that this Court has supplemental jurisdiction over Plaintiff's state law claims but denies the remaining allegations in paragraph 5 of the Complaint.

6. Defendant admits that venue is proper but denies the remaining allegations in paragraph 6 of the Complaint.

## BACKGROUND FACTS

7. Defendant admits that Plaintiff began working for Defendant in or around March 2022 as an ambassador. Defendant denies any remaining allegations in paragraph 7 of the Complaint.

8. Defendant admits Plaintiff became a senior ambassador in 2022 but denies the remaining allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant admits that Plaintiff performed the duties of an ambassador during her employment with Defendant and denies any remaining allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant states that any referenced "write up" speaks for itself and otherwise denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

38. Defendant denies the allegations in paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

41. Defendant admits that Plaintiff emailed Marshal Rake regarding a disciplinary action but denies the remaining allegations in paragraph 41 of the Complaint.

42. Defendant admits that Marshal Rake investigated all matters brought to his attention by Plaintiff but denies the remaining allegations in paragraph 42 of the Complaint.

43. Defendant states that the referenced "final warning" speaks for itself. Defendant denies any remaining allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant admits it terminated Plaintiff following a security infraction but denies the remaining allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

## CLAIMS

### COUNT I
### SEXUAL HARASSMENT UNDER TITLE VII

55. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant denies the allegations in paragraph 69 of the Complaint.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. Defendant denies the allegations in paragraph 71 of the Complaint.

## COUNT II
## RETALIATION UNDER TITLE VII

72. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

79. Defendant denies the allegations in paragraph 79 of the Complaint.

80. Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

## COUNT III
## SEXUAL HARASSMENT UNDER KRS §35.679

85. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

87. Defendant denies the allegations in paragraph 87 of the Complaint.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

89. Defendant denies the allegations in paragraph 89 of the Complaint.

90. Defendant denies the allegations in paragraph 90 of the Complaint.

91. Defendant denies the allegations in paragraph 91 of the Complaint.

92. Defendant denies the allegations in paragraph 92 of the Complaint.

93. Defendant denies the allegations in paragraph 93 of the Complaint.

94. Defendant denies the allegations in paragraph 94 of the Complaint.

95. Defendant denies the allegations in paragraph 95 of the Complaint.

96. Defendant denies the allegations in paragraph 96 of the Complaint.

97. Defendant denies the allegations in paragraph 97 of the Complaint.

98. Defendant denies the allegations in paragraph 98 of the Complaint.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

## COUNT IV
### RETALIATION UNDER KRS §344 et seq

100. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint.

101. Defendant denies the allegations in paragraph 101 of the Complaint.

102. Defendant denies the allegations in paragraph 102 of the Complaint.

103. Defendant denies the allegations in paragraph 103 of the Complaint.

104. Defendant denies the allegations in paragraph 104 of the Complaint.

105. Defendant denies the allegations in paragraph 105 of the Complaint.

106. Defendant denies the allegations in paragraph 106 of the Complaint.

107. Defendant denies the allegations in paragraph 107 of the Complaint.

108. Defendant denies the allegations in paragraph 108 of the Complaint.

109. Defendant denies the allegations in paragraph 109 of the Complaint.

110. Defendant denies the allegations in paragraph 110 of the Complaint.

111. Defendant denies the allegations in paragraph 111 of the Complaint.

112. Defendant denies the allegations in paragraph 112 of the Complaint.

## COUNT IV [SIC]
### HOSTILE WORK ENVIRONMENT UNDER TITLE VII

113. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint.

114. Defendant denies the allegations in paragraph 114 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

115. Defendant denies the allegations in paragraph 115 of the Complaint.

116. Defendant denies the allegations in paragraph 116 of the Complaint.

117. Defendant denies the allegations in paragraph 117 of the Complaint.

118. Defendant denies the allegations in paragraph 118 of the Complaint.

119. Defendant denies the allegations in paragraph 119 of the Complaint.

120. Defendant denies the allegations in paragraph 120 of the Complaint.

121. Defendant denies the allegations in paragraph 121 of the Complaint.

122. Defendant denies the allegations in paragraph 122 of the Complaint.

123. Defendant denies the allegations in paragraph 123 of the Complaint.

124. Defendant denies the allegations in paragraph 124 of the Complaint.

125. Defendant denies the allegations in paragraph 125 of the Complaint.

126. Defendant denies the allegations in paragraph 126 of the Complaint.

127. Defendant denies the allegations in paragraph 127 of the Complaint.

128. Defendant denies the allegations in the WHEREFORE paragraph of the Complaint, including subparagraphs a-j, and specifically denies that Plaintiff is entitled to any of the relief sought.

129. Defendant denies each and every allegation contained in Plaintiff's Complaint unless specifically admitted herein, including any factual allegations contained in the headings of Plaintiff's Complaint.

## **FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims fail to the extent that they are untimely and/or barred by applicable statutes of limitations.

**THIRD DEFENSE**

Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff has failed to utilize and exhaust available administrative remedies and/or satisfy any prerequisites to suit.

**FOURTH DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

**FIFTH DEFENSE**

Defendant made reasonable and good-faith efforts to comply with state anti-discrimination, anti-harassment, and anti-retaliation laws. Although Defendant denies that any of the unlawful actions alleged by Plaintiff were taken, to the extent they were, they were contrary to Defendant's good-faith efforts to comply with state laws.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and to the extent Defendant took any employment actions relating to Plaintiff, Defendant had legitimate, non-discriminatory and non-retaliatory reasons for any employment actions that were unrelated to Plaintiff's sex, alleged protected activity, or any other protected characteristic.

**SEVENTH DEFENSE**

Plaintiff's claims for damages must be reduced or dismissed to the extent that after-acquired evidence demonstrates that Plaintiff engaged in conduct which would have otherwise resulted in the termination of her employment.

## EIGHTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Defendant treated Plaintiff lawfully and in good faith compliance with all applicable rules, regulations, and laws.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release and/or unclean hands.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior, and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities and procedures provided by Defendant or to avoid harm otherwise.

## ELEVENTH DEFENSE

To the extent Plaintiff suffered any damages or losses for which she seeks to hold Defendant responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct or omissions of third parties.

## TWELFTH DEFENSE

Pleading in the alternative, to the extent that Plaintiff is able to prove to the satisfaction of the trier-of-fact that any improper motive was a factor in relevant employment decisions, Defendant would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because there was an overriding legitimate business justification for Defendant's decisions.

## FOURTEENTH DEFENSE

Any alleged harassment did not result in a tangible or adverse employment action.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of Plaintiff's employment.

## SIXTEENTH DEFENSE

Defendant did not know, or have reason to know, of the alleged harassment.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because the complained of conduct was neither offensive nor unwelcome.

## EIGHTEENTH DEFENSE

Defendant reserves the right to assert such other defenses and affirmative defenses as may arise during the course of this litigation.

**WHEREFORE**, Defendant Alclear LLC, having fully answered the Plaintiff's Complaint, respectfully requests that this Court enter judgment in its favor as follows:

1. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2. Order that Defendant be entitled to recover its costs, including reasonable attorneys' fees; and

3. Order such further relief in law and equity to which it may be entitled.

Respectfully submitted,

*/s/ Ryan Martin*
Ryan Martin (KBA 92619)
Jesse K. Daley (KBA 99308)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. 5th Street
Cincinnati, Ohio 45202

Telephone (513) 898-0050
Facsimile (513) 898-0051
E-mail: *ryan.martin@jacksonlewis.com*
E-mail: *jesse.daley@jacksonlewis.com*

*Counsel for Defendant Alclear LLC*

## **CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing was filed with the Court's CM/ECF filing system on September 17, 2024, which automatically sends electronic notice to the following counsel of record:

Robert L. Thompson (0098126)
THOMPSON LEGAL LLC
10529 Timberwood Circle, Unit B
Louisville, Kentucky 40223
Robert@RthompsonLegal.com

*Counsel for Plaintiff*

                */s/ Ryan Martin*
                Ryan Martin

4864-4040-2654, v. 1